THOMAS C. AND CHICHI BANKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Banks v. Commissioner
Docket No. 5189-79.
United States Tax Court
T.C. Memo 1981-490; 1981 Tax Ct. Memo LEXIS 252; 42 T.C.M. (CCH) 1016; T.C.M. (RIA) 81490; September 9, 1981
*252 Petitioner, Thomas C. Banks, was a fireman in Jacksonville, Fla., in 1975 and 1976. He was regularly on duty 24 hours and then off duty 48 hours. While on duty he could not leave the fire station for meals. He also owned and operated a heating and air-conditioning business while off duty. Held, petitioner may not deduct the cost of his meals voluntarily eaten at the fire station. Held, further: Petitioner may deduct a portion of the expense of maintaining a telephone in his house and the cost of familiarization-cruising of his territory. Amounts determined. Held, further, the deductible amount of petitioner's cost of goods sold in his heating and air-conditioning business for 1975 determined. Thomas C. Banks, pro se. Willie Fortenberry, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' Federal income tax in the amounts of $ 1,144.28 and $ 657.88 for the taxable years 1975 and 1976, respectively. After concessions by petitioners the issues remaining are: (1) Whether petitioner Thomas C. Banks may deduct under section 162(a): [1] (a) The cost of meals eaten at his employer's premises for the *253 taxable years 1975 and 1976, (b) a part of the costs incurred in maintaining a telephone at his private residence for the taxable years 1975 and 1976, and (c) the costs incurred for transportation for the taxable year 1975; and (2) the amount allowable for cost of goods sold in connection with his heating and air-conditioning business for the taxable year 1975. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this *254 reference. Petitioners Thomas C. Banks (hereinafter petitioner) and Chichi Banks, husband and wife, resided in Jacksonville, Fla, at the time of filing the petition herein and during 1975 and 1976, the taxable years in issue. They filed their joint Federal income tax returns for such years with the Internal Revenue Service, Chamblee, Ga.
Throughout both of the taxable years in issue petitioner was employed as a fireman by the Jacksonville fire department (hereinafter department) and was an officer thereof. In addition, he owned and operated his own separate business known as Banks Heating and Air Conditioning. This business was operated out of petitioner's home. Petitioner Chichi Banks owned her own business as well, which was operated outside the home and to which none of the issues herein pertain. Meal Expense
As a fireman, petitioner normally worked a 24-hour shift, from 8:00 a.m. to 8:00 a.m. the following day, at which time he would then be off duty for 48 hours. During the taxable years in issue, petitioner worked approximately 110 24-hour shifts. During petitioner's off-duty hours he was subject to being called in for emergency or extra duty at all times. While on *255 duty, the firemen, including petitioner, were not allowed to leave the fire station for meals. Instead, facilities were provided in the way of a refrigerator, stove, and cooking and eating utensils so as to enable them to prepare and eat their meals at the firehouse. However, while there was no requirement to do so, if the firemen wished to eat, they were required to provide their own food, the cost of which was not reimbursed by the department. It was customary for most firemen to belong to an "eating club," whereby a group of them would join together to purchase and cook their food. Although there was no regulation that meals could not be brought from home in the way of box lunches, or otherwise, petitioner purchased groceries and prepared his meals at the station. No deduction for these expenses was claimed on petitioners' return for either 1975 or 1976. Nor was any deduction claimed for any later year. In his petition, petitioner claimed as a business expense the cost of meals eaten at the fire station in the amount of $ 495 for 1975 and $ 550 for 1976. [3] In his answer, respondent *256 denied the deductibility of such expenses in toto. [4]
Telephone Expense
Because petitioner, as a fireman, was on call 24 hours a day, the department required that during his off-duty hours he could be reached by telephone. Although each fireman was not specifically required to have a telephone at home, it was presumed that each would. Petitioner maintained one telephone at his home which was used for personal purposes by himself, his wife, and children, and for the purpose of enabling the department to reach him. [5] During the taxable years in issue, petitioner was called approximately two or three times a week about department business. On the returns *257 filed for each of the years in issue, petitioner deducted as a business expense 50 percent of the cost incurred in maintaining the telephone at his home, which deductions amounted to $ 110 in 1975 and $ 216 in 1976. In his statutory notice of deficiency, respondent totally disallowed these deductions. Transportation Expense
The department required that when a fireman was transferred to a new territory, he must conduct what is known as a "territorian," e.g., he must study the territory and become intimately familiar with it. Six months after the transfer, and periodically thereafter, the fireman was tested on the details of the territory, including on what corner each fire hydrant was located. Even if he had been at the station for some time, each fireman was expected to drive through the territory from time to time to refresh his memory. While the "territorian" could be accomplished to some extent by studying maps of the area, the only way to accurately learn the "pitfalls" and details of the territory was by driving through it. The territories ranged in size from a 3- to 25-mile radius, depending on whether they were located downtown or out in the country. As the firemen were *258 not allowed to leave the fire station while on duty, the "territorian" could be conducted only during off-duty hours. Generally, a fireman was expected to drive through his new territory every day he was off duty, until he had learned it, and periodically thereafter. Each fireman was expected to use his own transportation in conducting the "territorian" and was not reimbursed by the department for the expenses incurred thereby. Petitioner was transferred to a new territory in 1975 and he estimated he drove his automobile 1,000 miles while conducting his "territorian." On the return filed for the taxable year 1975, petitioner deducted as a business expense $ 150 for the cost of operating his automobile while conducting his "territorian." He did not claim such expenses for 1976. In his statutory notice of deficiency, respondent totally disallowed this deduction. Cost of Goods Sold
In addition to being employed as a fireman, petitioner owned and operated his own heating and air-conditioning business known as Banks Heating and Air Conditioning. This business involved the installation of furnaces and air-conditioning units which petitioner would purchase from a distributor on credit *259 after contracting to install such unit. When petitioner was paid by the contractee, he would pay off the distributor for the unit he had earlier purchased on credit. If petitioner had been paid in cash, he would pay off the distributor in cash as well. Petitioner purchased the materials and supplies needed in his business, including the heating and air-conditioning units, lumber, concrete blocks, and various tools, both by check and with cash. It was petitioner's custom, both in the taxable years in issue and in other years, to make a certain amount of his purchases with cash and retain the receipt from such purchases for his records. However, the receipts from his 1975 cash purchases were destroyed by water at some time in 1976. For the taxable year 1975, petitioner reported gross receipts from this business in the amount of $ 9,970.82 and cost of goods sold in the amount of $ 8,333.32. For the taxable year 1976, petitioner's heating and air-conditioning business had gross receipts of $ 10,114.56 and cost of goods sold was $ 8,345.75. On audit of his 1976 return, petitioner was able to produce receipts for cash purchases claimed as part of the cost of goods sold, and deductions *260 for such purchases were therefore allowed in full by respondent. In the notice of deficiency, respondent allowed only $ 5,755 as cost of goods sold for 1975, being only those expenditures supported by checks. OPINION Meal Expenses
The first issue is whether petitioner may deduct, pursuant to section 162(a) [6] the cost of meals eaten at the fire station while on duty during the taxable years 1975 and 1976. [7]
Petitioner claims that because he was required to eat his meals at the fire station, the cost of such meals are a business expense and therefore properly deductible under section 162. Respondent denied deduction of such expenses *261 on the grounds that they are personal living expenses within the meaning of section 262. [8]
The cost of one's meals is ordinarily and by its very nature a personal expense which generally is nondeductible under section 262. Section 1.262-1(b)(5), Income Tax Regs. However, under certain circumstances, such expenses may be deducted under section 162. In Cooper v. Commissioner, 67 T.C. 870 (1977), affd. 611 F.2d 1260 (9th Cir., 1980), we held that amounts expended for meals by the taxpayer, who as a fireman was required to eat his meals at the fire station, were deductible. In that case the taxpayer was required by the Board of Fire Commissioners to participate in the organized mess at the fire station, to the extent of paying his assessed portion of the cost thereof, regardless of whether or not he ate the meals prepared. Taxpayer therein was subject to dismissal for noncompliance with the requirement. Accord, Sibla v. Commissioner, 68 T.C. 422 (1977), affd. 611 F.2d 1260 (9th Cir., 1980). The meal payments *262 involved in Cooper were a condition of taxpayer's employment, of an involuntary nature, and therefore were held to constitute a business expense within section 162(a). In the instant case, petitioner was required to eat all meals he ate on duty at the fire station during his 24-hour shift. While the department provided cooking facilities, it did not provide meals and if petitioner desired to eat while on duty, he had to either bring prepared meals with him or groceries with which he could prepare meals at the station. There was no requirement that petitioner contribute financially to an organized mess at the fire station, and any expenditures made for meals were purely voluntary. The decision to eat or not to eat and the amount to be expended thereon was wholly a matter of personal choice, and the single fact that the meal was required to be eaten at the fire station did not convert the cost of such into a business expense. Moreover, petitioner would have incurred such expense whether or not employed as a fireman. See Sutter v. Commissioner, 21 T.C. 170, 174 (1953). Therefore, we hold that the cost of petitioner's meals were personal living expenses, nondeductible under section *263 262. [9]
Telephone Expense
The next issue is whether for both taxable years in issue petitioner may properly deduct 50 percent of the cost of maintaining a telephone in his home. Petitioner asserts that since the department required it be able to reach him by telephone, the cost of maintaining the telephone is a business expense, properly deductible under section 162(a). Moreover, he asserts that 50 percent of such cost properly reflects the extent of the business usage. Respondent asserts that since there was no requirement that petitioner personally have a telephone, but only that he be able to be reached by telephone, the expenses were personal and therefore nondeductible under section 262. Alternatively, it is asserted that regardless of whether or not the telephone was required, it was used for both personal and business purposes, and as there was no evidence presented as to what percent of its use related to petitioner's business, respondent's determination that its primary use was personal, and therefore non-deductible, must be sustained. We have held the cost of maintaining a telephone to be deductible as a business *264 expense, even though maintenance of such telephone is not required by taxpayer's employer, if the cost incurred thereby is directly related to taxpayer's earning of income. Roth v. Commissioner, 17 T.C. 1450 (1952). Even if the taxpayer uses the telephone for both business and personal purposes, the cost of maintaining such telephone may be deductible, at least to the extent used for business purposes.[10] If both substantial business and personal motives exist with respect to the maintenance of the telephone, it is necessary to make an allocation of the expenditures incurred thereby between the business and personal uses. See International Artists Ltd. v. Commissioner, 55 T.C. 94, 105 (1970). [11] However, if its primary purpose releates to personal, rather than business needs, no deduction for maintenance, shall be allowed. [12] *265 See International Artists, Ltd. v. Commissioner, supra at 104. In the instant case, petitioner was on call 24 hours a day, and while there was no requirement that he actually have a telephone in his hime, it was required that the department be able to reach him by telephone in case of emergency or for extra duty. In light of these facts, we find that expenses incurred in maintaining the telephone, to the extent used for business purposes, are deductible under section 162(a). Even though the phone was not actually required to be located in petitioner's home, practically speaking, this was the only way to comply with the department's requirement. Further, the business purpose herein was substantial, given the department's requirement, petitioner's on-call status as a fireman, and the very nature of the responsibilities which go along with being a fireman, including responding quickly to an emergency. Our focus at this point is not on the number of times the telephone was actually used for business *266 reasons, but rather, on the purpose for maintaining the telephone in the first place. Therefore, the fact that it was used only two or three times a week for business reasons and that there was no evidence presented as to the number of times, if ever, petitioner was called for an emergency or for extra duty during the taxable year here in issue, does not make the business purpose any less substantial. The telephone herein was also used by petitioner, his wife, and children for personal purposes. While the facts are unclear as to the number of personal calls that were made, the telephone was available for personal use and we have no doubt that substantial personal motives existed with respect to maintenance of the telephone herein. Thus we are faced with a situation wherein both substantial business and personal motives existed in regard to maintenance of the telephone, and an allocation of the expenditures incurred thereby is necessary. While based on the record, an allocation cannot be made with any exactitutde, as stated in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), an approximation should be made even though it may be necessary to bear "heavily" against petitioner whose *267 "inexactitude" is of his own making. [13] See Heuer v. Commissioner, 32 T.C. 947, 953 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). Accordingly, we have exercised our best judgment, and hold that $ 60 for each taxable year in issue fairly represents the cost incurred for maintaining the telephone for business purposes, and to this extent is deductible under section 162(a). Transportation Expense
The next issue for determination is whether for the taxable year 1975, petitioner is entitled to deduct transportation costs incurred in operating his car to familiarize himself with his fire stations' territory, a process which is known as a "territorian." Petitioner claims that the "territorian" was required by the department and therefore he is entitled to deduct automobile expenses incurred thereby under section 162(a). Respondent has denied deduction for the expenses claimed herein on the grounds that they are not related to petitioner's business as a fireman, or alternatively, even if they are, there is no evidence that such expense was actually incurred. That the expense of operating an automobile, to the extent used in a trade or business, *268 is deductible is settled law. Sec. 1.162-1(a), Income Tax Regs.
Although petitioner was not specifically required by the department to use his car while familiarizing himself with his territory, it was a department requirement that he know such territory well enough to pass a test on the location of the fire hydrants therein. Moreover, the department expected that its firemen would from time to time refamiliarize themselves with their territory. While this process of familiarization or refamiliarization, as the case may be, need not necessarily be conducted by car, it appears that this was the only practical means to do so, as each territory ranged in size from a 3-to 25-mile radius and merely studying a map would not disclose its potential "pitfalls." [14] After careful consideration of the facts and circumstances herein, we find the expenses actually incurred in operating petitioner's car while conducting a "territorian" were properly deductible as a business expense pursuant to section 162(a). The Commissioner has provided a simplified method *269 of computing the deductible cost of operating an automobile where the total business-related miles driven is known. See Rev. Proc. 74-23, 1974-2 C.B. 476. [15] This procedure, as in effect for the taxable year 1975, provides that deduction for automobile expenses will be accepted by the Commissioner if computed at a standard rate of 15 cents per mile for the first 15,000 miles driven in connection with business. This procedure provides an acceptable means of computing the amount of the deduction allowable to a taxpayer who operates his automobile in connection with business but fails to maintain accurate records of the expenses incurred in that regard. [16]
Petitioner's own testimony was the only evidence presented in support of his claim that he drove approximately 1,000 miles for the taxable year 1975 while conducting his "territorian." Although *270 we found him to be a candid and trustworthy witness, we have no evidence as to the size of petitioner's territory, or how he arrived at his estimate. We do believe he drove a good many miles familiarizing himself with his new territory in 1975 but, bearing heavily on petitioner who was responsible for the sparcity of the evidence, Cohan v. Commissioner, supra, we hold that petitioner is entitled to a deduction under section 162(a) for transportation expenses in the amount of $ 75 for the taxable year 1975. [17]
Cost of Goods Sold
The last issue is the amount petitioner is entitled to deduct as cost of goods sold in connection with his heating and air-conditioning business for the taxable year 1975. Petitioner claimed a total of $ 8,333.32 as his cost of goods sold and included in such amount the alleged cost of equipment and supplies purchased for cash in the amount of $ 2,577.98. Respondent disallowed the deduction claimed to the extent of the cash purchases on the ground that petitioner failed to substantiate that such purchases were in fact made. Receipts for the cash purchases which have been disallowed by respondent *271 had been retained by petitioner, and were used in preparing his 1975 return, but, unfortunately, were destroyed in 1976 by water. We note that petitioner's method of conducting this business did not vary much from year to year and did not involve the carrying of a large amount of inventory. thus, the correlation between petitioner's cost of goods sold and gross receipts should not vary much from year to year and we think it is more than likely tht petitioner paid for some of his purchases with cash just as he did in 1976. Although the taxable year 1976 has not been questioned with respect to the issue herein, we note that petitioner incurred expenses for cost of goods sold in such year in the amount of $ 8,346.75 and his gross receipts were $ 10,114.55. During such year, petitioner made a number of cash purchases in respect of his hearing and air-conditioning business, and was able to produce receipts for such cash purchases when audited by respondent, who therefore allowed such cash purchases to be included in petitioner's cost of goods sold for that taxable year. It is noteworthy that for the taxable year 1976, the ratio of cost of goods sold to gross receipts in petitioner's *272 business was approximately 82.5 percent. Using the figure of $ 8,333.32 for cost of goods sold used by petitioner on his return for 1975, this ratio was approximately 83.6 percent for the taxable year 1975, the taxable year in issue. Allowing only for the purchases substantiated by canceled check stubs, as respondent did, would yield a ratio of only approximately 57.7 percent. As we have noted, petitioner was a candid and trustworthy witness.He testified tht he used his receipts for cash purchases in computing cost of goods sold on his 1975 return before they were destroyed. The total amount claimed by petitioner as his cost of goods sold for the taxable year in issue, including the cash purchases, bears a ratio to his gross receipts for such year which is consistent with the same ratio for the succeeding taxable year. In view of petitioner's testimony, his method of conducting his business and the record as a whole, we hold that petitioner is entitled to include the entire $ 2,577.98 of cash purchases in his cost of goods sold for the taxable year 1975. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. ↩
2. Petitioners incurred medical expenses in the amount of $ 798.38 and $ 734.01 for 1975 and 1976, respectively, which amounts are not in dispute. The extent to which such amounts are deductible is dependent upon petitioner's adjusted gross income. See sec. 213. Furthermore, as a result of respondent's determination, petitioners were assessed a self-employment tax in the amount of $ 328.62 and $ 299.46 for 1975 and 1976, respectively. See Sec. 1401. The correctness of both these determinations is dependent upon our resolution of certain issues herein.↩
3. Petitioner also claimed a deduction or the cost of his meals in 1977, which year is not before us.↩
4. Respondent does not dispute that petitioner in fact expended the amounts claimed as deductions. Respondent contests the deductibility of any amount.↩
5. While it is not clear from the record, we assumed this telephone was also used for petitioner's heating and airconditioning business, which was conducted out of his home. Petitioners claimed deductions for telephone expenses on the schedules C for the business for both 1975 and 1976, which respondent disallowed except for $ 25 each year. Petitioners have agreed to this adjustment.↩
6. Sec. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. ↩
7. Petitioner, on brief, mistakenly referred to sec. 119, an exclusionary section, in support of his claim for deduction of the costs incurred for meals. Generally, sec. 119 applies to exclude from the gross income of a taxpayer the value of meals supplied by his employer, and is inapplicable to a claim for deduction↩ for the cost of meals.
8. Sec. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
9. Accord, Murphey v. Commissioner, T.C. Memo. 1975-317↩.
10. See Lee v. Commissioner, T.C. Memo. 1960-58↩. 11. See Hamilton v. Commissioner, T.C. Memo. 1979-186↩. 12. While the cost of maintaining the telephone would not be deductible, any extra expense actually incurred for business reasons, which is over and above the maintenance cost, as for example a charge for a long distance phone call, would be deductible if it otherwise qualified under sec. 162(a). Petitioner has not claimed deductions for individual telephone charges, but rather, seeks to deduct a portion of the total cost of maintaining the telephone.
13. See Lee v. Commissioner, supra↩.
14. Petitioner, who was pro se, presented no evidence as to the size of his territory, nor was he questioned at trial concerning this point.↩
15. The Revenue Procedure allows the use of the simplified method only if the taxpayer owns the automobile. The issue of ownership was not raised at trial or on brief by either respondent or petitioner, and we proceed on the basis that petitioner did in fact own the automobile used herein. ↩
16. See Shepherd v. Commissioner, T.C. Memo. 1976-48↩.
17. 500 miles x $ .15 per mile. Rev. Proc. 74-23, 1974-2 C.B. 476↩.